IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **OTIS RAY DAVIS,** | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0398-Y |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Otis Ray Davis, TDCJ-ID # 787991, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On May 27, 1997, pursuant to a plea agreement, Davis pled guilty to aggravated assault on

a public servant with a deadly weapon in Cause Number 0648822D in the 371st District Court of Tarrant County, Texas, and was sentenced to twelve years' confinement. (1State Habeas R. at 44.)[1] Davis did not directly appeal his conviction or sentence. (Federal Petition at 3.) He did, however, seek postconviction state habeas relief from his conviction and one or more other drug-related convictions resulting from the events of February 27, 1997. His first state habeas application, filed on May 22, 1998, was denied by the Texas Court of Criminal Appeals on the findings of the trial court on October 21, 1998, without written order and without a hearing. *Ex parte Davis*, Application No. 38,958-01, at cover. His second, filed on July 6, 1999, was denied without written order by the Texas Court of Criminal Appeals on September 22, 1999. *Ex parte Davis*, Application No. 38,958-02, at cover. His third application, filed on April 16, 2004, was dismissed as successive by the Texas Court of Criminal Appeals on May 12, 2004. *Ex parte Davis*, Application No. 38,958-03, at cover. Likewise, his fourth, filed on June 8, 2004, was dismissed by that court as successive on January 19, 2005. *Ex parte Davis*, Application No. 38,958-04, at cover. Davis filed this petition on June 17, 2005. Dretke has filed a preliminary response with documentary exhibits seeking dismissal on limitations grounds, to which Davis has replied.

D.  ISSUES

In two grounds, Davis contends that he is actually innocent of the offense for which he was convicted and that he received ineffective assistance of trial counsel. (Petition at 7.)

E.  STATUTE OF LIMITATIONS

Title 28 U.S.C., § 2244(d) imposes a one-year statute of limitations for filing a petition for

---

[1] Davis has filed four state applications for writ of habeas corpus, Application Nos. 38,958-01, 38,958-02, 38,958-03, and 38,958-04, which are referred to as "1State Habeas R.," "2State Habeas R.," "3State Habeas R.," and "4State Habeas R.," respectively.

federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Davis is attacking his 1997 conviction on substantive grounds, subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Davis had for filing a timely notice of appeal on June 26, 1997, and closed one year later on June 26, 1998, absent any tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). His first state habeas application tolled the limitations period 152 days under § 2244(d)(2), making his federal petition due November 25,

1998.  His other three state habeas applications, filed after limitations had already expired, did not operate to further toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Davis's federal petition filed on June 17, 2005 was filed beyond the limitations period and is, therefore, untimely.

Davis asserts that §§ 2244(d)(1)(B) and (D) are applicable.  Specifically, he asserts the state suppressed material facts and exculpatory evidence, in the form of a supplemental police report to offense report # 97117763, that amounted to a state-created impediment under § 2244(d)(1)(B).  (Pet'r Reply at 2-3.)  The offense report # 97117763 states, in relevant part, that "[a]n officer assigned to the arrest team will supplement this report with the details of the arrest."  Davis contends he has attempted, to no avail, to obtain a copy of the supplemental report, which would support his version of the events at the time of his arrest and demonstrate his innocence.[2]  (Pet'r Memorandum in Support at 12.)  To invoke § 2244(d)(1)(B), a petitioner must establish that (1) he was prevented from filing a petition, (2) by state action, (3) in violation of the Constitution or federal law.  *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  Davis has failed to establish this predicate.  There is nothing in the record to suggest that the state actively or negligently suppressed or failed to disclose the supplemental police report or that the report contained material, exculpatory evidence in this case.  Further, the state's failure to provide Davis with a copy of the supplemental report did not *prevent* him from filing his federal petition, as he has clearly demonstrated by filing this petition.  Had he filed a timely petition, he could have then sought the district court's help in obtaining the report through discovery.  See *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); RULES

---

[2]According to Davis, the supplemental report would show that the undercover arrest team were driving unmarked vehicles, wore black hoods over their head, and approached him unannounced at the intersection of Beach and Rosedale Streets, giving him the impression that they were or could have been carjackers or robbers.  (*Id.*)

4

GOVERNING § 2254 CASES, Rule 6.  Thus, § 2244(d)(1)(B) is inapplicable.

Davis also asserts that he did not learn of the content of the supplemental police report for purposes of § 2244(d)(1)(D) until he was interviewed for parole and the parole officer read the report to him on October 20, 2004.  (Pet'r Reply at 4-6.)  He contends that after discovering the nature of the report he diligently pursued habeas relief in state and federal court.  However, Davis could have become aware, through the exercise of due diligence, of any supplemental police report at the time of trial and certainly within the one-year limitations period in § 2244(d)(1)(A).  He has not shown he acted with due diligence in bringing his claims eight years after his trial.  Thus, § 2244(d)(1)(D) is inapplicable.

Finally, Davis has not demonstrated rare and exception circumstances warranting application of equitable tolling.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  There is no indication in the record that Davis was actively misled or prevented in some extraordinary way from asserting his rights.  *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).

## II.  RECOMMENDATION

Davis's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 10, 2005.  The United States District Judge need only make a

*de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 10, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 19, 2005.

                                          /s/ Charles Bleil
                                          CHARLES BLEIL
                                          UNITED STATES MAGISTRATE JUDGE